IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSPEH LEE GREGORY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-1087-O |
| § | |
| BILL WAYBOURN, Sheriff, § | |
| Tarrant County, Texas, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Joseph Gregory, then a prisoner in the Tarrant County jail, against the person responsible for his custody, Sheriff Bill Waybourn, Respondent. After having considered the pleadings and relief sought by Gregory, the Court concludes that the petition should be **DISMISSED** for the reasons set out below.

**I.   BACKGROUND**

On December 7, 2022, this Court severed Gregory's 28 U.S.C. § 2241 habeas claims from Civil Action No. 4:22-CV-304-O. *See* Order 4-5, ECF No. 1. On December 28, 2022, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, along with separately filed Additional Pages. Am. Pet. 1, ECF No. 6; Am. Pet (Additional Pages), ECF No. 7.[1] Pursuant to Court order, a response was filed. Response 1-10,

---

[1] The amended § 2241 petition is partially docketed at ECF No. 6 and at ECF No. 7.

ECF No. 13.

Gregory filed the instant petition under 28 U.S.C. § 2241 while he was housed in the Tarrant County jail. Response 2, ECF No. 13. More recently, he filed a Notice of Change of Address, informing the Court that he has been convicted, and is now housed in the Texas Department of Criminal Justice. ECF No. 15. Review of the records of the Texas Department of Criminal Justice show that Gregory was convicted of indecency with a child and is serving a six-year sentence at the TDCJ Boyd Unit.[2]

## II. Grounds for Relief

Gregory contends that his Fifth, Eighth, and Fourteenth-Amendment due process rights were violated by his extradition to Tarrant County, Texas, on May 6, 2021. Am Pet (Additional Pages) 1-2, ECF No. 7. He further explains that he was served with a governor's warrant on April 28, 2021, and then unlawfully extradited to Tarrant County, Texas, on May 6, 2021. *Id.* at 1. Gregory claims that he was not given 30 days to contest the governor's warrant. *Id.* He also contends that his federal constitutional rights were violated when he was kidnapped by the State of Texas and extradited in violation of the Uniform Extradition Act. *Id.* at 2. Finally, Gregory asserts that he was not appointed an attorney prior to extradition for his extradition hearing. *Id*.

## III. ANALYSIS–SUCCESSIVE PETITION

    **A.** **A successive pretrial habeas petition pursuant to 28 U.S.C. § 2241 must be dismissed as an abuse of the writ if it fails to raise a new claim.**
    B.

Pre-trial petitions for writ of habeas corpus are properly brought under 28 U.S.C § 2241. *See Chadman v. Fowler*, No. 4:17-CV-703-O, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The gatekeeping

---

[2]See https://inmate.tdcj.texas.gov/inmateSearch/search.action (last visited July 24, 2023).

scheme of 28 U.S.C. § 2244(b)(3) does not apply to pretrial 28 U.S.C. § 2241 petitions by federal prisoners. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1350 (11th Cir. 2008). Accordingly, the pre-AEDPA doctrines concerning abusive or successive petitions are applicable to pretrial petitions under 28 U.S.C. § 2241. *See O'Neal v. Levi*, 551 F. Supp. 2d 379, 386 (E.D. Pa. 2008); *see also Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005). Under the abuse-of-the-writ doctrine, a successive petition, which raises grounds identical to those raised and rejected on the merits, need not be entertained. *O'Neal v. Levi*, 551 F. Supp. 2d at 386; *Esogbue v. Holmes*, 142 F. App'x at 100. In order to satisfy its burden when pleading abuse of the writ, the government should provide evidence that the grounds in the petitioner's current § 2241 petition were already presented in his prior petition. *O'Neal v. Levi*, 551 F. Supp. 2d at 388.

    **B. Gregory's current pretrial habeas petition is successive and must be dismissed pursuant to the abuse-of-the-writ doctrine.**

Gregory's current § 2241 petition is successive and should be dismissed pursuant to the abuse of the writ doctrine because he has already filed a pretrial petition for habeas corpus pursuant to 28 U.S.C. § 2241 based on the claim that he was improperly extradited to Texas. *See O'Neal v. Levi*, 551 F. Supp. 2d at 386; *see also Esogbue v. Holmes*, 142 F. App'x at 100.

On July 1, 2021, Petitioner filed his first pretrial writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Gregory v. Waybourn*, No. 4:21-cv-807-O (N.D. Tex. July 1, 2021). In his first petition, Petitioner challenged the constitutionality of his extradition from Arkansas to Texas; Petitioner cited the Fifth, Eighth, and Fourteenth Amendments and elaborated that he was not given 30 days to challenge the governor's warrant. *See* Petition 6, *Gregory v. Waybourn*, No. 4:21-cv-807-O (N.D. Tex. July 1, 2021), ECF No. 1.

In his second petition now before this Court, Gregory lodges the exact same complaint, i.e., that he was improperly extradited from Arkansas to Texas. Am. Pet. (Additional pages) 1-2, ECF No. 7. In the current petition, Gregory divides his improper-extradition claim into four grounds, but each ground ultimately asserts that he was improperly extradited, thus rendering his incarceration improper. *Id.*

First, Gregory states that he was served an illegal governor's warrant, was not given thirty days to appeal the warrant, and was not given court-appointed counsel for the extradition hearing, thereby claiming that he was improperly extradited because his rights were violated. Am. Pet. (Additional pages) 1, ECF No. 7. Second, Gregory claims that he was improperly extradited because he was illegally transported across state boundaries, and he repeats his claim that he was not given thirty days to appeal the governor's warrant—another reason his extradition was improper. *Id.* at 1–2. In the third point, it appears Gregory claims that he was improperly extradited to Texas because the Uniform Extradition Act was violated. *Id.* at 2. Finally, Gregory claims that his improper extradition to Texas renders his current incarceration false imprisonment. *Id.* at 2. Gregory acknowledged that he has already filed a previous application or petition for habeas corpus regarding the grounds raised in this petition. *Id.* at 3.

Even though Gregory elaborates about why he was improperly extradited to Texas, his underlying claim in the current § 2241 amended petition is the exact same as in his petition from 2021. *Id.* at 1–2; *see* Pet. 6, *Gregory v. Waybourn*, No. 4:21-cv-807-O (N.D. Tex. July 1, 2021), ECF No. 1. Each of Gregory's four claims asserts that his extradition to Texas violated his constitutional rights; however, this Court already resolved this question in 2021 when it dismissed Petitioner's claim as moot because he was already in the custody of Texas. *See*

4

Opinion and Order, *Gregory v. Waybourn*, No. 4:21-cv-807-O (N.D. Tex. July 1, 2021) ECF No. 9.

Accordingly, there is sufficient evidence to prove that the grounds presented in Gregory's amended § 2241 petition in this proceeding are successive *See O'Neal v. Levi*, 551 F. Supp. 2d at 388. Therefore, because this Court has already considered Gregory's claim in a prior § 2241 habeas claim, the Court finds that the instant § 2241 case must be dismissed as successive pursuant to the abuse-of-the-writ doctrine.

**IV.    ANALYSIS-MOOT**

As informed by Gregory, and confirmed by the records of TDCJ-CID, Gregory has now been convicted of indecency with a child and is serving his sentence for that conviction. As discussed in detail above, all of his grounds for relief in this proceeding did not challenge his pending charge, but instead challenged the documentation and procedures in extraditing him from Arkansas to Texas. Am. Pet. (Additional Pages) 1-2, ECF No. 7. The Court of Appeals for the Fifth Circuit, has relied upon *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1998) and *Yohey v. Collins*, 985 F.2d 22, 228-29 (5th Cir. 1993), "for the proposition that a state or federal defendant's pre-trial § 2241 petition for pretrial relief, such as bail is moot upon conviction." *Clark v. Hubbard*, Civ. Action No. 1:21-cv-228-TBM-RPM, 2022 WL 3575289, at *2-3 n. 3 (S.D. Miss. Mar. 4, 2022), *rep. and rec. adopted*, 2022 WL 2902689 (S.D. Miss. Jul. 22, 2022) (citing *Williamson v. Driver*, 386 F.App'x 491 (5th Cir. 2010) and *United States v. Route*, 65 F. App' 508 (5th Cir. 2003)); *see also Wade v. Wichita County*, No. 21-10283, 2021 WL 5751441, at *1 (5th Cir. December 2, 2021) (holding that § 2241 petition seeking release from pre-trial custody on basis of excess bail and speedy trial grounds, was rendered moot when Petitioner was convicted and sentenced for sexual assault of a minor) (citations omitted); *see also*

*Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (Petitioner's § 2241 petition challenging extradition from Illinois to Wisconsin became moot once Petitioner was convicted) (citation omitted).

Applying this law to the instant case, Gregory's challenges to the extradition proceedings made the basis of his petition for relief under § 2241 have been rendered moot by his conviction and sentence. Thus, the § 2241 petition must be dismissed for this alternative reason.

## V.   CONCLUSION

For the reasons discussed, petitioner Joseph Lee Gregory's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **24th** day of **July, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE